UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                                                      : Case No. 11-45116 (CEC)
In re                                                                   : 
                                                                     : 
SHAKER GARDENS INC.,                    : (Chapter 11)
                                                                     :
                        Debtor.        :
                                                                     :
----------------------------------------------------------x

## DECLARATION OF GEORGE DRAPAN

Pursuant to 28 U.S.C. § 1746, George Drapan declares as follows:

1.       I am a bankruptcy analyst in the Office of the United States Trustee for Region 2. I am assigned to this matter by my office and as such, have knowledge and information about this Chapter 11 bankruptcy case. I submit this Declaration in support of the Motion of the United States Trustee to Dismiss This Case or, in the Alternative, Convert This Chapter 11 Case to Chapter 7, pursuant to 11 U.S.C. § 1112 (the "Motion").

2.       On June 13, 2011, Shaker Gardens inc. (the "Debtor") commenced this case by filing a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code. ECF No. 1. The Petition was signed by Yehuda Nelkenbaum ("Nelkenbaum"), as president of the Debtor. Id.

3.       The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession.

4.       The United States Trustee was unable to form a committee of unsecured creditors.

**Assets and Liabilities**

5.       The Debtor scheduled one parcel of real property, located at 78 Shaker Heights Drive, Monticello, New York (the "Property"), with a scheduled value of $7,800,000.00. ECF No. 1, Schedule A.

6.       The Debtor did not schedule any personal property. ECF No. 1, Schedule B.

7. The Debtor scheduled a mortgage held by Carver Federal Savings Bank ("Carver") encumbering the Property in the amount of $6,006,070.00. ECF No. 1, Schedule D.

8. The Debtor scheduled no priority unsecured debt on Schedule E and $1,086,400.00 in general unsecured debt on Schedule F, $635,000.00 of which is owed to N.C. Caller P.C. and $400,000.00 of which is owed to Aron Tressler. ECF No. 1, Schedules E and F.

9. The Debtor has not filed a motion seeking the designation of the last day to file proofs of claim. To date, the Claims Register contains five claims filed against the Debtor. See Claims Register, Claims 1-5. These include an $8,947,809.94 secured claim filed by Carver and a $6,802,624.40 unsecured claim filed by the Internal Revenue Service, of which $5,503,144.40 is asserted as priority. Id., Claims 2-3.

**Deficiencies in Debtor's Case**

10. On June 14, 2011, the United States Trustee sent the Debtor a letter (the "June 14th Letter") enclosing a copy of the United States Trustee Operating Guidelines (the "Guidelines"). The Guidelines outline the requirements for debtors-in-possession, including the obligation to file monthly operating reports and pay quarterly fees.

11. On July 25, 2011, the United States Trustee held an Initial Debtor Interview (the "Initial Debtor Interview") and on August 1, 2011, the United States Trustee held the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "Meeting of Creditors"). The Debtor's principal attended the Initial Debtor Interview and the Meeting of Creditors and was advised of the United States Trustee's Operating Guidelines for debtors-in-possession, including the obligation to file monthly operating reports and pay quarterly fees.

12. At both the Initial Debtor Interview and the Meeting of Creditors, the United States

Trustee requested numerous documents from the Debtor including, but not limited to, recent tax returns.

13. As of this date, the Debtor has failed to file the monthly operating reports for June 2011 and July 2011. The August 2011 monthly operating report is due prior to the return date of this Motion.

14. The Debtor is currently delinquent in the payment of quarterly fees to the United States Trustee in the estimated amount of $325.00. See 11 U.S.C. § 1930.

15. The Debtor has failed to provide the United States Trustee copies of any tax returns.

I declare under penalty of perjury that the information contained in this Declaration is true and correct.

    Brooklyn, New York
    September 9, 2011

                                          */s/ George Drapan*
                                          George Drapan