JASPAN SCHLESINGER LLP  
300 Garden City Plaza  
Garden City, New York 11530  
(516) 393-8289  
Frank C. Dell'Amore, Esq.  
fdellamore@jaspanllp.com  
*Attorneys for Carver Federal Savings Bank*

Return Date and Time:  
October 5, 2011 at 3:00 p.m.  
Response Deadline:  
September 28, 2011

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------x  
In re:

SHAKER GARDENS, INC.

Debtor.  
-----------------------------------------------------------------x

Chapter 11

Case No.: 11-45116 (CEC)

## NOTICE OF MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that on October 5, 2011 at 3:00 p.m., secured creditor, Carver Federal Savings Bank ("**Carver**") will move before the Honorable Carla E. Craig, United States Bankruptcy Judge, United States Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3529, Brooklyn New York 11201, or as soon thereafter as counsel can be heard for an Order pursuant to 11 U.S.C. §362 (d)(1) and (2) of the United States Bankruptcy Code and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure for relief from the automatic stay to permit the Carver to pursue its rights under applicable state law with respect to the Property (as defined in the Motion), and for such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** Objections to Carver's application shall be filed as through the Bankruptcy Court's electronic filing system (in accordance with General Order 476), which may be accessed through the Internet at the Bankruptcy Court's website, www.nyeb.uscourts.gov. A hard copy of the objection, marked "Chamber's Copy" and addressed to the attention of the Chambers

of the Honorable Carla E. Craig shall be filed with the Clerk, and a hard copy shall be served upon the Carver's counsel, Antonia M. Donohue, Jaspan Schlesinger LLP, 300 Garden City Plaza, 5th Floor, Garden City, New York 11530; the debtor, Shaker Gardens, Inc. at 3317 Avenue N, Brooklyn, New York 11234; the debtor's counsel, Kevin J. Nash, Esq., Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, New York 10036, the United States Trustee at 271 Cadman Plaza East, Suite 4529, Brooklyn, New York 11201 and filed with the Clerk of the Bankruptcy Court, with a copy to Chambers on or before 4:00 p.m. on September 28, 2011.

Dated: Garden City, New York
        September 16, 2011

                                            JASPAN SCHLESINGER LLP.
                                            *Attorneys for Carver Federal Savings Bank*

By: _____
       Frank C. Dell'Amore
       300 Garden City Plaza
       Garden City, New York 11530
       (516) 393-8289

TO:   Shaker Gardens Inc.
        3317 Avenue N
        Brooklyn, New York 11234

        Kevin J. Nash, Esq.
        Goldberg Weprin Finkel Goldstein LLP
        1501 Broadway
        22nd Floor
        New York, New York 10036

        United States Trustee
        271 Cadman Plaza East
        Suite 4529
        Brooklyn, NY 11201

JASPAN SCHLESINGER LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8289
Frank C. Dell'Amore, Esq.
fdellamore@jaspanllp.com
*Attorneys for Carver Federal Savings Bank*

Return Date and Time:
October 5, 2011 at 3:00 p.m.
Response Deadline:
September 28, 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

    SHAKER GARDENS, INC.

                  Debtor.
-----------------------------------------------------------------x

Chapter 11

Case No.: 11-45116 (CEC)

## AFFIRMATION IN SUPPORT OF MOTION TO PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING RELIEF FROM THE AUTOMATIC STAY

TO:    THE UNITED STATES BANKRUPTCY COURT
        EASTERN DISTRICT OF NEW YORK

Carver Federal Savings Bank, ("**Carver**"), by its attorneys, Jaspan Schlesinger LLP, moving for the entry of an Order pursuant to 11 U.S.C.S. §362 (d)(1) and (2) of the United States Bankruptcy Code and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure for relief from the automatic stay to permit Carver to pursue its rights under applicable state law with respect to the real property located at 76 Shaker Heights Drive, Monticello, New York (the "**Property**") and for such other, further and different relief as this Court deems just and proper, respectfully sets forth and represents the following under the penalty of perjury:

    1.    It is respectfully submitted that Carver is entitled to an Order granting it relief from the automatic stay to continue its state court foreclosure action against the Property.

A. Relevant Factual and Procedural Background

2. On June 13, 2011 (the "**Filing Date**"), Shaker Gardens Inc., (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is a single asset entity, its sole asset being the Property.

3. The Debtor executed a Mortgage Note (the "**Note**") on or about March 1, 2007 in favor of Carver in the original principal amount of $6,080,000.00.

4. In connection with the Note, the Debtor executed a mortgage and security agreement dated March 1, 2007 (the "**Mortgage**"), in favor of Carver and secured by the Property.

5. Debtor defaulted under the terms of the Note and Mortgage by failing to make the payment due on April 1, 2008.

6. Carver commenced a foreclosure action under Index No. 4113/2009 in the Supreme Court of the State of New York, Sullivan County (the "**Foreclosure Action**").

7. On or about December 8, 2010, a Judgment of Foreclosure and Sale (the "**Judgment**") was issued by the Supreme Court of the State of New York, County of Sullivan, which granted Carver judgment against the Debtor in the amount of $8,252,353.25 (as of July 21, 2010) and permitted the sale of the property located at 76 Shaker Heights Drive, Monticello, New York (the "**Property**"), the Debtor's only asset. A copy of the Judgment is annexed hereto as Exhibit A.

8. The Judgment also provides that if the proceeds from such sale are insufficient to pay the total amount due and owing to Carver pursuant to the Judgment, Carver shall be permitted to seek a deficiency judgment ("**Deficiency Judgment**") against the Debtor and its principal, Yehuda Nelkenbaum ("**Nelkenbaum**").

9. As of the Filing Date, Carver was owed $8,947,809.94 pursuant to the Judgment.

10.  Accordingly, Carver is a secured creditor of the Debtor and has a duly perfected first lien security interest in the Property.

11.  Carver scheduled a foreclosure sale of the Property to be held on June 14, 2011; however, said sale was stayed when the Debtor filed the instant bankruptcy case on the eve thereof.

B.  The Automatic Stay Should be Modified to Permit
     Carver to Exercise Its State Law Remedies

12.  Carver seeks relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to continue the Foreclosure Action against the Property. If the instant motion to lift stay is granted, Carver agrees to come back to this Court if this case is still pending before entering a deficiency judgment against the Debtor in the state court.

13.  Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>     (A) the Debtor does not have equity in such property; and
>     (B) such property is not necessary to an effective reorganization...

11 U.S.C. § 362(d) (2011).

14.  To be awarded relief from the stay pursuant to 11 U.S.C. § 362(d)(2), Carver must first prove that there is no equity in the Property. 11. U.S.C. § 362(d)(2)(A).

15. To determine that there is no equity in the Property, it must be shown that the debts secured by the liens on the Property exceed its value. In re Country Squire Assocs., 1997 Bankr. Lexis 1163, at 819 (B.A.P. 2d Cir. 1997); see also In re New Era Comp., 125 B.R. 725, 728-29 (S.D.N.Y. 1991) (noting that equity is the difference between the value of the property and the total amount of all liens against it); In re Diplomat Electronics Corp., 82 B.R. 688, at 692 (Bankr. S.D.N.Y. 1988).

16. As of the Filing Date of this motion, Carver was owed $8,947,809.94 pursuant to the Judgment, as more fully described in the Certification of James Raborn, Vice President of Carver, dated September 16, 2011, which is annexed hereto as Exhibit B.

17. According to the Debtor's Petition and Schedules filed in this case, it claims that the value of the Property is $7,800,000.00.

18. As such, assuming the Debtor's valuation of the Property is correct, for purposes of this Motion only, there is no equity in the Property pursuant to Section 362(d)(2)(a).

19. Section 362(d) of the United States Bankruptcy Code sets worth two prongs which must be satisfied in order to grant a creditor relief of stay under chapter 11. 11 U.S.C.A. 362(d)(2006). In United Savings Association of TX v. Timbers of Inwood Forest Associates, the Supreme Court examined and analyzed the second prong, which states that relief would be granted if "such property is not necessary to an effective reorganization." 484 U.S. 365, 375-76 (1988). The Court concluded that it is insufficient to establish that under the prospect of a reorganization, the property in question would be needed; but rather, the debtor must demonstrate that the "property is essential for an effective reorganization that [already] is in prospect." Id.; *see also* In re Pegasus Agency, Inc. v. Grammatikakis, 101 F.3d 882, 886 (2d Cir. 1996). Furthermore, the debtor has the burden to establish that its proposed plan has a "reasonable prospect of success within a reasonable time." In re 68 West 127 St., LLC, 285 B.R. 838, 848 (S.D.N.Y. 2002).

20.  Once a movant under section 362(d)(2) has established that there is no equity in the collateral, the burden is on the debtor to establish that the collateral at issue is in fact necessary to an effective reorganization. *See* 11 U.S.C. § 362(g). This burden requires more than a mere showing that reorganization is conceivable and that the property in issue will be needed for it. United Sav. Ass'n v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 375 (1988). Instead, the debtor must demonstrate that "the property is essential for the effective reorganization that is in prospect." Id. Finally, there must be "a reasonable possibility of successful reorganization within a reasonable time." In re Timbers of Inwood Forest Assoc., Ltd., 808 F.2d 363, 370-71 (1987).

21.  The Debtor has filed a disclosure statement, dated August 12, 2011, (the "**Disclosure Statement**") relating to a Plan of Reorganization, dated August 12, 2011 (the "**Plan**").

22.  For the reasons set forth below, the Plan is not confirmable and, thus, the Debtor cannot establish that it has a reasonable possibility of a successful reorganization within a reasonable time.

23.  The Disclosure Statement and Plan seek to conduct a sale of the Property while limiting Carver's credit bid up to the amount of $7,335,755 (the "**Credit Bid Amount**").

24.  According to the Disclosure Statement and Plan, in the event that the Property is purchased by a third-party for a price in excess of the Credit Bid Amount, Carver would not receive such excess funds; rather, same would be retained by the Debtor.

25.  Regardless of whether the Property is sold to a third-party or to Carver (via a credit bid), the Disclosure Statement and Plan imply that Carver's right to seek the Deficiency Judgment against the Debtor and Nelkenbaum will be extinguished upon a sale conducted pursuant to the Plan.

26.  Since the Property is the Debtor's sole asset, and Carver's ability to collect on the Deficiency Judgment will likely be limited to seeking recovery from Nelkenbaum, it appears that the

only purpose of Plan is Nelkenbaum's desire to avoid personal liability stemming from the Deficiency Judgment.

27.     In addition, the Disclosure Statement and Plan require Carver to deposit money into a Confirmation Fund (as defined in the Plan), which fund will be used to pay: (1) all priority claims of any department or division of the federal or state government; (2) all attorneys' fees and expenses incurred by the Debtor's attorneys in this case; and (3) all fees owed to the United States Trustee in connection with this case.

28.     Carver does not consent to deposit any money into the Confirmation Fund and does not consent to the Plan.

29.     The Debtor has no reasonable basis to expect the reorganization can be effected within a reasonable time

30.     Section 1129(a)(7) of the Code provides that a plan can only be confirmed if:

> (A)  each holder of a claim or interest of such class-
>   (i) has accepted the plan; or
>   (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date; or
> (B)  If section 1111(b)(2) of this title apples to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims.

11. U.S.C. §§ 1129(a)(3) (2011).

31.     Carver does not consent to the Plan and, if the Property is sold for an amount that is higher than the Credit Bid Amount, Carver will have received less than it would have in a Chapter 7 liquidation and less than the value of its interest in the Property.

32. In addition, section 1129(a)(8) of the Code provides that all impaired classes must accept the Plan in order for it to be confirmable.

33. Since Carver is impaired and will not accept the Plan, it is not confirmable.

34. Moreover, the Debtor cannot successfully invoke the "cram down" provisions of 11 U.S.C. § 1129(b)(1) since the Plan is not "fair and equitable."

35. Indeed, a plan is not "fair and equitable" under § 1129(b)(2)(A)(ii) unless a secured creditor "is entitled to bid in its entire lien if its collateral is sold free and clear of liens under the Plan." In re: Kent Terminal Corp., 166 B.R. 555, 567 (Bankr. S.D.N.Y 1994); *see also* In re: Submicron Systems Corporation, 342 F.3d 448, 459-460 (3d Cir. 2006) ("It is well settled among district and bankruptcy courts that creditors can bid the full face value of their secured claims under § 363(k).").

36. Thus, since the Credit Bid Amount proposed by the Debtor is less than the amount of Carver's lien on the Property, the debtor cannot force a "cram down" of the Plan against Carver.

37. As such, since the Plan is entirely incapable of confirmation, the Debtor cannot establish that the Property is essential to an effective reorganization that is in prospect.

38. Lastly, Carver is not receiving adequate protection payments from the Debtor and, thus, cause exists to vacate the automatic stay pursuant to 362(d)(1) of the Bankruptcy Code.

39. By reason of the foregoing, Carver should be granted relief from the stay imposed by Section 362 of the Bankruptcy Code, in order to continue the foreclosure action.

WHEREFORE, Carver respectfully requests that the automatic stay be vacated in order to enable Rossrock to continue its foreclosure action and for such other, further and different relief as this Court deems just and proper.

Dated: Garden City, New York
September 16, 2011

                              JASPAN SCHLESINGER LLP.
                              *Attorneys for Carver Federal Savings Bank*

By: _____
      Frank C. Dell'Amore
      300 Garden City Plaza
      Garden City, New York 11530
      (516) 393-8289

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

SHAKER GARDENS, INC.

Debtor.
----------------------------------------------------------x

Chapter 11

Case No.: 11-45116-(CEC)

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**WHEREAS**, by Notice of Motion dated September 16, 2011, Carver Federal Savings Bank ("**Carver**"), by its attorneys, Jaspan Schlesinger LLP, moved this Court for an Order pursuant to 11 U.S.C.S. §362 (d)(1) and (2) of the United States Bankruptcy Code and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure for relief from the automatic stay to permit the Rossrock to pursue its rights under applicable state law with respect to the property located at 76 Shaker Heights Drive, Monticello, New York (the "**Property**");

**WHEREAS**, after a hearing and due deliberation having been had on October 5, 2011, the Court is of the opinion that the relief prayed for in the motion should be granted; accordingly

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that the automatic stay pursuant to Section 362 of the Bankruptcy Code is hereby vacated pursuant to Section 362(d)(1) and (2) of the Bankruptcy Code to permit the Bank to pursue all of its rights under applicable state law with respect to the property located at.